12-4605-cv
Aung Winn v. Comm'r of Soc. Sec.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand and thirteen.

Present:
        PIERRE N. LEVAL,
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.

_____

AUNG WINN,

                *Plaintiff-Appellant*,

        v.                                                        No. 12-4605-cv

CAROLYN W. COLVIN, IN HER OFFICIAL CAPACITY AS ACTING
COMMISSIONER OF SOCIAL SECURITY,

                *Defendant–Appellee*.

_____

FOR APPELLANT:            Scot G. Miller, Coughlin & Gerhart, LLP, Binghamton, NY.

FOR APPELLEE:             Monica K. Crawford, Special Assistant United States Attorney,
                          New York, NY, *for* Richard S. Hartunian, United States Attorney
                          for the Northern District of New York, Buffalo, NY.

_____

Appeal from a judgment of the United States District Court for the Northern District of New York (Dancks, *M.J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court for the Northern District of New York is VACATED and the case is REMANDED to the district court with instructions to remand to the Commissioner of Social Security for further consideration in light of this order.

Plaintiff–Appellant Aung Winn ("Winn") appeals from the September 26, 2012 decision and order that affirmed Administrative Law Judge Thomas Tielens's ("the ALJ") decision upholding a determination that Winn was not entitled to Social Security disability insurance benefits.  On appeal to this Court, Winn argues that (1) the ALJ failed properly to evaluate the medical evidence in the record as well as Winn's evidence of nonexertional impairments, and (2) the Commissioner failed to provide Winn an appropriately qualified interpreter at the ALJ hearing.  He asserts principally that substantial evidence does not support the ALJ's determination as to his Residual Functional Capacity ("RFC").  We agree.  Our analysis assumes the parties' familiarity with the underlying facts, procedural history, and issues for review.

"When a district court has reviewed a determination of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue,* 566 F.3d 303, 305 (2d Cir. 2009) (internal quotation marks and brackets omitted).  We have characterized this review as "plenary."  *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009) (citation omitted).  "Substantial evidence, however, is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

2

conclusion." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted).

The Social Security Administration utilizes a "five-step sequential evaluation process" to determine whether an applicant for benefits is disabled and qualifies for benefits. 20 C.F.R. § 404.1520(a). At the final step of this five-step process, the ALJ must assess an applicant's residual functional capacity ("RFC"), age, education, and work experience "to see if [the applicant] can make an adjustment to other work." *Id.* at (a)(4)(v). The regulations promulgated pursuant to the Social Security Act establish the evidence relevant and necessary for the Social Security Administration to make a determination regarding an applicant's RFC. 20 C.F.R. § 404.1545. This evidence includes all relevant medical reports, consultative examinations, and medical history, as well as statements from medical sources, family, neighbors or other persons attesting to the limitations suffered due to an impairment. *Id.* at (a)(3). "[T]he administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing [the applicant's] residual functional capacity." 20 C.F.R. § 404.1546. Winn argues that the ALJ afforded undue weight to the assessment of the State Agency disability analyst without appropriately weighing the medical opinions of the physicians who treated Winn. We hold that the ALJ erred in his analysis and determination of Winn's RFC, and we therefore remand for further proceedings.

The ALJ determined that Winn's RFC allowed him "to lift and/or carry 20 pounds occasional, 10 pounds frequently, stand and/or walk for a total of 6 hours in an 8 hour work day, and sit for a total of 6 hours in an 8 hour work day. The claimant must be permitted to change positions during regularly scheduled breaks. He is also limited to simple work." The ALJ cited to medical reports from Dr. Finver and Dr. Pollack to establish that Winn's back condition had

3

remained stable since 2001. He referred to reports prepared by Dr. Ortiz, Dr. Darlow, and Dr. Kadlecik. The ALJ afforded both Dr. Sirotenko's medical reports and the report of the State Agency disability analyst "some weight." The ALJ noted that the opinion of the State Agency disability analyst, "[w]hile not a medical source opinion . . . is supported by the longitudinal medical evidence and consistent with other probative medical opinions of record, namely Dr. Sirotenko's," but gave them little weight.

Dr. Sirotenko's recommendations, however, were vague and broad and provided few specific recommendations that supported the ALJ's RFC determination. In his report, Dr. Sirotenko stated that "[Winn] should avoid pushing, pulling or lifting objects greater than a moderate degree of weight provided those are on a table at waist height. He should avoid lifting objects over his head to prevent axial load." The State Agency Residual Functional Capacity Assessment, on the other hand, stated that Winn could:

- Occasionally lift and/or carry 20 pounds
- Frequently lift and/or carry 10 pounds
- Stand and/or walk with normal breaks for about 6 hours in an 8 hour work day
- Sit about 6 hours with normal breaks in an 8 hour work day
- Perform unlimited push and/or pull operations other than as shown for lift and/or carry

These recommendations, prepared by the State Agency disability analyst and afforded "some weight," correspond exactly to the RFC that the ALJ endorsed. No medical facts in Dr. Sirotenko's or any of the other doctors' reviews correspond directly to the ALJ's RFC determination, despite the ALJ's assurances that "it is supported by the longitudinal medical evidence and consistent with other probative medical opinions of record."

Examining the record as a whole, we are not persuaded by the Government's argument that the RFC determination was supported by substantial medical evidence. For instance, one of Winn's treating physicians, Dr. Pollack, saw Winn at least eight times from the onset of the

4

impairments to the date last insured. The opinions of Dr. Pollack, despite his having seen Winn a number of times over the relevant period, were afforded little weight, and the ALJ did not provide reasons for discounting Dr. Pollack's opinion. *See Burgess v. Astrue*, 537 F.3d 117, 127-131 (2d Cir. 2008). Important to the analysis of RFC, Dr. Pollack had provided instructions recommending "[n]o bending or twisting at the trunk, no lifting over 5 pounds occasionally" and the requiring that Winn "be able to sit or stand as comfort dictates." The ALJ includes no explanation for why this assessment was given only little weight, despite citing to other provisions of the report in which these recommendations were found, as well as other reports from Dr. Pollack and having before him Dr. Pollack's extensive treatment history. The ALJ gave only little weight to reports of another treating physician, Dr. Darlow, who noted the pain Winn was suffering in his back and his legs and who recommended that Winn continue with work restrictions recommended by Dr. Pollack. Nor does the ALJ explain how he considered the medical opinions of treating physician Dr. Kadlecik, who recommended that Winn could engage in occasional lifting of 10 pounds and standing or walking less than 2 hours per day.

We have previously held that "[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks and citation omitted); *see Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) ("The failure to provide good reasons for not crediting [the treating physician's] diagnosis by itself warrants remand." (internal quotation marks and citations omitted)). Here, the ALJ rejected the medical opinions of Winn's treating physicians in favor of the opinions of Dr. Sirotenko (who was not a treating physician and only performed a consultative medical examination) and the non-physician State Agency disability analyst without providing good reasons for discrediting the treating physicians' opinions. Given the substantial

5

similarity between the recommendation of nonmedical personnel, i.e. the State Agency disability analyst, and the ALJ's final RFC determination, versus the express statements of physicians observing and treating Winn, we remand for the ALJ to consider further and explain how the medical evidence supports the RFC determination, gathering such additional evidence and testimony as may be necessary. On remand, we expect the ALJ to support his findings and reconcile the divergent recommendations of the doctors who have observed Winn during his time of impairment, noting the opinions of treating physicians where appropriate.

Winn also argues that, once the ALJ determined that Winn's mental impairment should be part of the case, the ALJ had an obligation to develop the record in the issue, which the ALJ failed to discharge. We agree. In *Kohler v. Astrue*, 546 F.3d 260 (2d Cir. 2008), we concluded that an ALJ failed to make specific findings and "conduct a distinct analysis that would permit adequate review on appeal" in the context of an alleged mental disorder. *Id.* at 267. In this case, once the issue was raised, the ALJ had the responsibility to explain whether, based on the record, the claimant suffered from a medically determinable mental impairment pursuant to 20 C.F.R. § 404.1520a(b)(1), and then, if the claimant was found to have such an impairment, conduct the appropriate inquiry under § 404.1520a(b)(2). *Id.* at 266. We make no determination as to Winn's alleged mental impairments, but we note that the record was incomplete with respect to its potential severity given the lack of any full and final test of Winn's IQ. Supplementing the record as to any mental impairment will assist both in determining the severity of Winn's mental impairment and also in assessing his RFC.

Given our disposition of this matter, we do not need to decide whether the presentation of Winn's case before the ALJ was inhibited by the absence of an interpreter. We note that any

6

timely request for the services of an interpreter in the proceedings before the ALJ can be accommodated on remand.

We hereby **VACATE** the judgment of the district court and **REMAND** with instructions to remand the matter to the Commissioner for further consideration in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7