## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

-------------------------------------------------------------------

MICHAEL MARIANI,

                *Plaintiff-Appellant,*

                    v.                        No. 13-1941

CAROLYN W. COLVIN, COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                *Defendant-Appellee.*

-------------------------------------------------------------------

APPEARING FOR APPELLANT: CHRISTOPHER J. BOWES, ESQ., LAW OFFICE OF CHRISTOPHER BOWES, Shoreham, New York.

APPEARING FOR APPELLEE: NATALIE N. KUEHLER, (John E. Gura, Jr. and Emily E. Daughtry, *on the brief*) Assistant United States Attorneys *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** with instructions.

Plaintiff-appellant Michael Mariani appeals from the district court's judgment entered March 22, 2013, upholding the Commissioner of Social Security's (the "Commissioner") denial of disability benefits under the Social Security Act ("SSA"). The judgment was based on the district court's order granting judgment on the pleadings in favor of defendant-appellee Commissioner. *Mariani v. Astrue*, No. 12 Civ. 1282 (S.D.N.Y. March 22, 2013).

We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues presented for review.

"[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).

Under the SSA, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "The impairment must be of 'such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in

the national economy.'"  *Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000) (quoting 42 U.S.C. § 423(d)(2)(A)).  "Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of disability."  *Burgess*, 537 F.3d at 120 (citing 20 C.F.R. § 404.1520).

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a severe impairment, (3) that the impairment is not one that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (internal quotation marks omitted).

"'Once a disability claimant proves that his severe impairment prevents him from performing his past work [*i.e.,* at step four], the [Commissioner] then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy.'"  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (alteration in

original) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)); *see also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) ("If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working."); *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir. 1981) ("When the claimant has established that his impairment prevents him from returning to his previous employment, 'the burden shifts to the [Commissioner], who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training.'" (quoting *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980))).

At step five, the Administrative Law Judge ("ALJ") found that Mariani retained a residual functional capacity ("RFC") to "perform fine manipulation/fingering 50% of the time with his dominant right upper extremity during a typical work day." The appellant contends that this finding and the decision that he could perform certain sedentary occupations, and thus was not

disabled under the Social Security Act, were not supported by substantial evidence. We agree because the record provides no evidence for the ALJ's specific finding that Mariani could use his dominant right hand for fifty percent of the workday. We therefore remand to the ALJ for further factfinding as to the extent of Mariani's hand impairment and whether there are jobs in the economy he can perform with that degree of impairment.

Mariani argues that the ALJ should have given controlling weight to his treating physician's opinion that he had "no use" of his right hand. A treating physician's opinion need not be given controlling weight where it is not well-supported or is not consistent with the opinions of other medical experts that are sufficiently substantial evidence to undermine the opinion of the treating physician. *See Burgess*, 537 F.3d at 128. Having found there was substantial evidence that was inconsistent with Mariani's treating physician's opinion, the ALJ did not err in declining to give his opinion controlling weight. However, the ALJ was not then permitted to "arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see id.* ("[W]hile an administrative law judge is free to

resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who testified before him." (internal quotation marks omitted));

*Balsamo v. Chater*, 142 F.3d 75, 80-81 (2d Cir. 1998).

The Commissioner cannot satisfy its burden of proof at Step Five without relying on affirmative evidence demonstrating the claimant's residual functional capacity to perform work that exists in significant numbers in the national economy. *See Rosa*, 168 F.3d at 80-81 (concluding that "the ALJ mistakenly permitted the Commissioner to satisfy its burden of proof without requiring affirmative evidence demonstrating [claimant's] residual functional capacity to meet the demands of sedentary work"); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 643 (2d Cir. 1983) ("The Secretary, who had the burden on this issue, failed to introduce any medical or other evidence . . . that [claimant] could hold a sedentary job."). Rejecting the treating physician's conclusion that Mariani could not use his hand at all, the ALJ found that he could use his hand fifty percent of the time. There is no evidence in the record for this alternative conclusion. Admittedly, the evidence of the severity of Mariani's hand

impairment is inconsistent, ranging from total loss of function to the consulting physician's conclusion that Mariani's hand and finger dexterity were "intact." Medical evidence at both ends of the spectrum, however, is not substantial evidence for a finding that the extent of the disability is fifty percent capacity. *Cf. Ferraris v. Heckler*, 728 F.2d 582, 586-87 (2d Cir. 1984) (holding that where there was no consensus among physicians' opinions, the ALJ should have set forth specific findings of exactly what the claimant could do, "especially with reference to his ability to sit and for how long"). Nor does any other evidence in the administrative record provide substantial evidence for the ALJ's fifty percent finding.[1]

The ALJ did not have substantial evidence justifying the decision that Mariani retained the residual functional capacity to perform work that required use of his hand fifty percent of the time. Moreover, such a conclusion constitutes

---

[1] In addition to the opinions of Mariani's treating physician and the consulting physician, the record includes: (1) Dr. Walia's diagnosis that the appellant "clearly has complex regional pain syndrome ['CRPS'] involving his right hand that seems to be spreading to involve lower forearm now"; (2) an electromygram ["EMG"] that showed that Mariani suffered from very mild right median mononeuropathy at the wrist; (3) Dr. Rudnick's findings in 2008 that Mariani suffered from a "slight decrease sensation" in the fourth and fifth digit of his right hand as well as "decreased range of motion right wrist secondary to pain" and "decreased grip right hand"; (4) Dr. Arcuri's determination that Mariani's sensation and reflexes for his upper extremities were intact, and his motor strength and find motor skills were normal.

the arbitrary substitution by the ALJ of his judgment for physicians' expertise.

*See Balsamo*, 142 F.3d at 81; *McBrayer*, 712 F.2d at 799.

The appellant's own description of his limitation does not provide substantial evidence for the ALJ's fifty percent finding and the ALJ's failure to credit that testimony appears to have been based on a misreading of the evidence.[2] *See Genier v. Astrue*, 606 F.3d 46, 49-50 (2d Cir. 2010) (per curiam) (remanding to the ALJ "[b]ecause the ALJ's adverse credibility finding, which was crucial to his rejection of [the] claim, was based on a misreading of the evidence"). On remand, therefore, the ALJ's assessment of Mariani's credibility should be based on accurate depictions of the representations made by Mariani.

Because there is not substantial evidence for the ALJ's finding that Mariani had a RFC to perform fine manipulation/fingering fifty percent of the time with his dominant right upper extremity during a typical workday, we cannot uphold

---

[2] Contrary to the ALJ's findings that Mariani "had no problems going shopping in stores," Mariani indicated that he did not shop independently and that he could only hold things with his left hand. Social Security Administration Administrative Record at 16, 229, *Mariani v. Astrue*, No. 12 Civ. 1282 (S.D.N.Y. March 22, 2013). While the ALJ found that Mariani had conceded that "he was still able . . . to prepare small meals, to perform light cleaning and to do laundry," Mariani indicated that he would *attempt* to do daily household chores" and that he needed help to do light cleaning and the laundry, and was unable to carry laundry baskets. *Id.* at 226-28. According to the appellant, preparing meals took three times as long as it used to because he would drop things and had difficulty opening bottles or jars.

the ALJ's decision to reject Mariani's claim for disability benefits.  Further findings would "plainly help to assure the proper disposition" of Mariani's claim; therefore, remand for further factfinding as to the extent of Mariani's hand impairment is the appropriate remedy.[3]  *Rosa*, 168 F.3d at 82-83.

**Conclusion**

For the reasons stated above, we vacate and remand to the district court with instructions to remand the matter to the Commissioner so that it can further develop the evidence as to the extent of Mariani's right hand impairment and whether there are jobs in the economy Mariani can perform with that degree of impairment.  In light of the need to remand for further factfinding, we express no opinion at this time as to whether the ALJ's reliance on vocational expert testimony was in error.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Mariani contends that "reversal, with remand solely for the calculation of benefits is the appropriate remedy in this case."  This is not a case, however, where "remand for further evidentiary proceedings would serve no purpose."  *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  Nor is delay alone a sufficient basis on which to remand solely for benefits. *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).