13-3396-cv
*Cosnyka v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          PIERRE N. LEVAL,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN R. COSNYKA,
                    *Plaintiff-Appellant*,

                    v.                                    13-3396-cv

CAROLYN W. COLVIN, Commissioner Of
Social Security,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT:        Jaya A. Shurtliff, Stanley Law Offices,
                                Syracuse, New York.

FOR DEFENDANT-APPELLEE:         Peter W. Jewett, Special Assistant U. S.
                                Attorney; Stephen P. Conte, Regional Chief

Counsel, Social Security Administration, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, New York, New York.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Steven Cosnyka appeals from the judgment of the district court entered July 8, 2013 affirming the Social Security Commissioner's denial of his application for disability benefits. By decision and order entered July 3, 2013, the district court granted the Commissioner's motion for judgment on the pleadings and denied Cosnyka's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

When deciding an appeal from a denial of disability benefits, "[w]e conduct a plenary review of the administrative record, and our focus is on the administrative ruling more than on the district court's decision." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). Our review is limited to determining whether the conclusions of the Administrative Law Judge (the "ALJ") were supported by "substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence "means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Selian*, 708 F.3d at 417, and "[t]he substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted) (emphasis in original).

Under the SSA, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "The impairment must be of 'such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000) (quoting 42 U.S.C. § 423(d)(2)(A)). "Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of disability." *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008) (citing 20 C.F.R. § 404.1520).

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a severe impairment, (3) that the impairment is not one that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (internal quotation marks omitted).

Where, as here, a claimant's impairments are not per se disabling under SSA regulations, the Commissioner must ascertain the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 416.920(a)(4). "A claimant's RFC is 'the most [he] can still do despite [his] limitations.'" *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (alteration in original) (quoting 20 C.F.R. § 416.945(a)(1)). The RFC is considered at step four in determining whether the claimant can perform his past work and at step five to determine if the claimant can perform other available work. *See* 20 C.F.R. § 416.920(e). The claimant bears the burden of proof as to the first four steps. *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (per curiam). At step five, the Commissioner has the "limited burden" of "show[ing] that there is work in the national economy that the claimant can do." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam).

The ALJ found that Cosnyka retained an RFC to "perform sedentary work as defined in 20 CFR 416.967(a) . . . [and that] the claimant would be off task approximately 10% of the workday, which the undersigned defines as 6 minutes out of each hour." (App. 75). Relying upon the testimony of the vocational expert that being off-task six minutes out of every hour would not prevent Cosnyka from holding a job, the ALJ concluded that Cosnyka was not disabled under the SSA.

On appeal, Cosnyka argues that the ALJ: (a) failed to give Cosnyka's treating physician's opinion controlling weight; (b) relied on an unsupported RFC finding to interpret the vocational expert's testimony; and (c) improperly assessed Cosnyka's credibility.

**A.** *The Treating Physician's Opinion*

Cosnyka first argues that the ALJ erred in rejecting the opinion of Dr. Calabrese, the treating physician, that Cosnyka was unable to maintain a regular work schedule because of his back pain and moderately limited ability to walk, stand, and sit.

An ALJ must give "controlling weight" to a treating physician's opinion on the nature and severity of the claimant's impairment when the opinion is well-supported by medical findings and consistent with other substantial evidence. 20 C.F.R. § 416.927(c)(2); *see Poupore*, 566 F.3d at 307. Here, the ALJ declined to give "controlling weight" to Dr. Calabrese's opinion because it was "not fully supported by the evidence." (Joint App. at 77; see, e.g., Joint App. at 42 (Cosnyka acknowledged he could ride stationary bicycle, walk approximately half mile, and sit for three hours "if [he] could shift around")).

After reviewing the record, we conclude that the ALJ's explanation for not according Dr. Calabrese's opinion controlling weight was supported by substantial evidence. First, Dr. Calabrese's "Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction Determination," dated June 2,

2009, does not identify any clinical observations to support his conclusion.[1]  The report, for example, indicates Cosynka had physical limitations that prevent him from attending work, but it does not reference a particular medical finding that substantiates this judgment.  Second, Dr. Calabrese's opinion is inconsistent with other medical evidence in the record.  Physical examinations from late 2008 to January 2009 revealed a decreased range of motion of Cosnyka's lumbar spine.  These reports, however, also noted full muscle strength and normal sensation, and included no mention of significant trouble walking or sitting.  In January 2009, Dr. Kelley, a consulting physician, found that Cosnyka required comfort breaks only when bending or twisting and when lifting, carrying, reaching, pushing, or pulling markedly heavy objects.  Her report noted no other obvious limitations.  Accordingly, we find no error in the ALJ's failure to afford controlling weight to Dr. Calabrese's opinion.

**B.**     *The Vocational Expert's Testimony*

Cosnyka next argues that the ALJ's RFC finding and consequent interpretation of the vocational expert's testimony was unsupported.  We agree.

The ALJ determined that Cosnyka would be off-task for ten percent of the workday, based in part on the medical evidence detailed above.  The determination that this "off-task" time translated to six minutes out of every hour, however, was not based

---

[1]       Although Cosnyka asserts that "[c]linical findings . . . support Dr. Calabrese's opinion" (Appellant's Br. at 12), Dr. Calabrese does not identify any such findings in his report.

on the record but was the result of the ALJ's own surmise.  Dr. Kathleen Kelley, an orthopedic examiner, reported that Cosnyka would require "regular comfort breaks," but did not indicate the length of those breaks.  (App. 269).  Cosnyka testified that he can sit for "[m]aybe up to three" hours if he can shift around in his seat, and that he would need more frequent breaks after that.  (App. 42).  Cosnyka further testified that it would take him 15 or 20 minutes to walk off his pain.  There is no evidence in the record to the effect that Cosnyka would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday.  Indeed, there is evidence in the record to the contrary, as Cosnyka testified that he would need a 15-20 minute break.  Accordingly, we find that there was no basis for the ALJ to incorporate this "six minutes per hour" formulation into the RFC finding.

Moreover, the vocational expert's opinion that there were jobs that Cosnyka could perform was based upon hypothetical questions involving the ALJ's six-minutes per hour formulation.  Indeed, the vocational expert's opinion on whether there were jobs that Cosnyka could perform varied depending on how the off-task time was defined.  For example, while the vocational expert testified that being off-task "six minutes [per hour] is not going to . . . make or break an individual in" certain jobs, he also explained that being off-task for longer periods at a time would "begin to play negatively upon a person's ability to remain employed."  (App. 65-66).  The record is

unclear as to the length of individual breaks Cosnyka would need, and it is unclear as to the availability of jobs that could accommodate whatever breaks he needed.

Because there is no substantial evidence for the ALJ's six-minutes per hour formulation, and this formulation was crucial to the vocational expert's conclusion that there were jobs Cosnyka could perform, we cannot uphold the ALJ's decision to reject Cosnyka's claim for benefits. Further factfinding would "plainly help to assure the proper disposition" of Cosnyka's claim. *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

### C. *The ALJ's Credibility Assessment*

In light of the need for further factfinding, we do not reach appellant's remaining argument that the ALJ improperly rejected his subjective complaints of pain.

### CONCLUSION

For the reasons stated above, we **VACATE** the judgment of the district court and **REMAND** with instructions to remand the matter to the Commissioner so that she can further develop the evidence to make an RFC finding and determine whether there are jobs in the economy Cosnyka can perform.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk