15-3483-cv
*Johnson v. Colvin*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand sixteen.

PRESENT:     JOHN M. WALKER, JR.,
             JOSÉ A. CABRANES,
                      *Circuit Judges,*
             RICHARD M. BERMAN,
                      *District Judge.*[*]

---

MOSES JOHNSON II,

                    *Plaintiff-Appellant,*                         15-3483-cv

             v.

CAROLYN W. COLVIN, Acting Commissioner of
Social Security

                    *Defendant-Appellee,*

---

**FOR PLAINTIFF-APPELLANT:**              Elizabeth Haungs, Law Offices of
                                          Kenneth Hiller, PLLC.

---

[*] The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**      Heetano Shamsoondar, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Moses Johnson II appeals from the District Court's September 3, 2015 judgment affirming the Commissioner of Social Security's decision denying Johnson's application for disability benefit insurance ("DBI") and dismissing Johnson's complaint.

On August 27, 2011, Johnson filed an application for DBI, which was denied. Johnson then requested a hearing before an administrative law judge ("ALJ"). On January 4, 2013, ALJ Donald T. McDougall held a hearing at which Johnson appeared with counsel and testified. On January 31, 2013, ALJ McDougall issued a decision finding that Johnson had a number of substantial impairments, but that these impairments did not render him disabled within the meaning of the Social Security regulations. ALJ McDougall accordingly denied Johnson's application. Johnson requested review by the Appeals Council, which denied his request. Johnson then appealed the Commissioner's final decision to the District Court. On September 3, 2015, the District Court entered judgment for the Commissioner. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (internal quotation marks omitted). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (internal quotation marks omitted). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). In evaluating whether the requisite substantial evidence exists, we "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and can reject findings of fact

"only if a reasonable factfinder would have to conclude otherwise," *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Johnson makes two arguments on appeal. First, Johnson argues that the ALJ's finding that Johnson "had the residual functional capacity to perform light work," S.A. 21, was not supported by substantial evidence. To that end, Johnson asserts that the ALJ impermissibly relied on vague medical evidence and on his own lay opinion to make his finding, and that the ALJ failed to contact one of Johnson's doctors to fill a gap in the record regarding Johnson's post-surgery functionality. Second, Johnson argues that the ALJ's finding that Johnson could perform work at a pace not more than "10% slower than average," S.A. 21, also was not supported by substantial evidence. Relatedly, Johnson claims that the ALJ failed to evaluate the combined effect of Johnson's mental and physical impairments when making that finding. After conducting a plenary review of the record, we conclude that both of the ALJ's findings were supported by substantial evidence.

In concluding that Johnson could "perform light work," S.A. 21, the ALJ relied on a variety of evidence. *See* 20 C.F.R. § 404.1545(a)(3) (explaining that an ALJ looks to "all of the relevant medical and other evidence" including relevant medical reports, consultative examinations, medical history, and statements from medical sources, family, friends, or other persons when assessing an applicant's residual functional capacity). For example, the ALJ considered Johnson's own testimony explaining that after his aortic valve replacement surgery he could lift 10 to 15 pounds, could walk a little further than he could before his surgery, went to the gym 3 to 5 times a week, and did much of his own cooking, cleaning, and grocery shopping. In addition, the ALJ considered a December 2012 letter from Dr. Michael D'Angelo, which stated that Johnson had "severe functional limitations" prior to his aortic valve replacement surgery, but since that surgery "has made clinical improvement." Administrative Record, 533. Dr. D'Angelo's letter also stated that Johnson would benefit from increased exercise post-surgery. Taken together, Johnson's testimony and Dr. D'Angelo's letter constitute "relevant evidence [that] a reasonable mind might accept as adequate to support" the conclusion that Johnson could perform "light work." *Perales*, 402 U.S. at 401; *see* 20 C.F.R. 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.").

Johnson's argument that Dr. D'Angelo's opinion was "vague" is inapposite. *See Aung Winn v. Colvin*, 541 Fed. Appx. 67, 69 (2d Cir. 2013) (characterizing a doctor's statement that applicant "should avoid pushing, pulling, or lifting objects greater than a moderate degree of weight" as "vague and broad"). While Dr. D'Angelo's letter alone might be inadequate to support the ALJ's finding, the conclusion that Johnson was capable of performing light work was supported by the other record evidence the ALJ considered. The fact that the ALJ relied on evidence beyond Dr. D'Angelo's letter distinguishes this case from those cited by Johnson. *See Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (remanding, among other reasons, because the ALJ concluded that an applicant could lift 10 to 20 pounds *based only on* one doctor's "remarkably vague" opinion that the

applicant could lift "objects of a mild degree of weight on an intermittent basis"). Moreover, because the record contained sufficient other evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no "gap" in the record and the ALJ did not rely on his own "lay opinion." *See Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (refusing to remand "solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity"); *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (concluding that an ALJ did not impermissibly rely on his own medical judgment because "he was entitled to weigh all of the evidence available to make [a residual functional capacity] finding that was consistent with the record as a whole").

Similarly, there was substantial evidence in the record supporting the ALJ's finding that Johnson could perform work "slightly slower than average pace, i.e. no more than 10% slower than average." S.A. 21. In making that finding, the ALJ gave "considerable weight" to the opinion of Dr. Renee Baskin who undertook a consultative psychiatric evaluation of Johnson in October 2011. S.A. 27. Dr. Baskin found that Johnson likely had borderline intellectual functioning, but she did not issue a psychiatric diagnosis. Dr. Baskin also concluded that Johnson would have minimal to no limitations with respect to his ability to understand and follow simple directions, perform simple tasks independently, maintain attention and concentration, and learn new tasks with supervision. Dr. Baskin did suggest, however, that Johnson's physical problems might interfere with his ability to maintain a regular schedule. The ALJ also discussed evidence showing that Johnson had a history of learning disability and that previous testing of Johnson concluded that he needed supportive services to help him learn new tasks. Nevertheless, the ALJ considered the fact that Johnson previously was able to maintain a job for thirteen years and recently held a temporary job as evidence that his history of learning disability did not significantly limit his capacity to perform simple work, although it imposed some limitation on his ability to perform more than simple work. The ALJ also took account of Johnson's physical condition, but credited Johnson's admission that his physical symptoms improved after his aortic valve replacement surgery.

Johnson takes issue with the specificity of the ALJ's "10%" finding. As made clear in the district court's opinion, however, the ALJ's "no more than 10%" limitation was "a percentage which reflected [Johnson's] ability to maintain employment despite the potential to be minimally slower than average." *Johnson v. Colvin*, 2015 WL 5167162, at *4 (W.D.N.Y Sept. 3, 2015). The ALJ's conclusion that Johnson could perform light work at a slightly slower than average pace is supported by the record evidence. The fact that the ALJ assigned a particular percentage range (0-10%) to illustrate Johnson's limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence. For that reason, the cases cited by Johnson, wherein this Court rejected highly specific findings that were unsupported by the record, are inapt. *See Cosnyka v. Colvin*, 576 Fed. Appx. 43, 46 (2d Cir. 2014) (holding that there was no evidentiary basis for the ALJ's conclusion that an applicant needed only six-minutes off per hour); *Mariani v. Colvin*, 567 Fed. Appx. 8, 10 (2d Cir. 2014) (holding that there was not substantial evidence in the record supporting the ALJ's conclusion

4

that an applicant could use his hand fifty-percent of the time). In addition, Johnson's argument that the ALJ did not consider the combined effect of Johnson's mental and physical disability is belied by the record.

## CONCLUSION

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 3, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk