Matta v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

Present:     SUSAN L. CARNEY,
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,
             PAUL G. GARDEPHE,
                  *District Judge.**

---

NELSON J. MATTA,

    *Plaintiff-Appellant,*

      v.           No. 12-191-cv

MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

    *Defendant-Appellee.*

---

Appearing for Appellant:     ANN P. BIDDLE (Christopher J. Bowes, Center for
                             Disability Rights, New York, NY, on the brief)
                             Queens Legal Services, Long Island City, NY.

---

\* The Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

Appearing for Appellee:          KENNETH M. ABELL (Kathleen A. Mahoney and
                                 Varuni Nelson, on the brief) Assistant United
                                 States Attorneys, *for* Loretta E. Lynch, United
                                 States Attorney for the Eastern District of New
                                 York.

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *Judge*). **ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals from the district court's judgment entered October 19, 2011, affirming the January 26, 2009 decision of the Commissioner of the Social Security Administration that plaintiff was not disabled and thus not entitled to benefits under the Social Security Act, see 42 U.S.C. § 423(d).

Plaintiff, who was 27 years old when he filed his initial application for Social Security benefits, has been diagnosed with various forms of bipolar disorder. He has not worked since 2005, when he was hospitalized twice at Elmhurst Hospital – once in August and again in September of that year – as a result of manic episodes. On January 5, 2007, plaintiff filed an application for benefits asserting that his disability prevented him from working. On January 26, 2009, approximately two years later, an Administrative Law Judge ("ALJ") denied the application, finding that plaintiff was not disabled during the period between the date of the plaintiff's application and the date of the ALJ's decision. We conclude that this determination was supported by substantial evidence in the record, and we therefore affirm. We assume the parties' familiarity with the facts and record of proceedings, which we reference only as necessary to explain our decision to affirm.

2

On appeal from the district court's decision, "we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010) (quotation marks omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).

Plaintiff first argues that the record contains insufficient evidence to support the ALJ's determination of plaintiff's residual functional capacity ("RFC"), see 20 C.F.R. § 404.1545, the measure of plaintiff's ability to work in the national economy, see id. § 419.945. The ALJ found that plaintiff had "moderate difficulties in concentration, persistence and pace" and "moderate difficulties in social functioning that limit [him] to simple, routine, low-stress, and unskilled tasks, which involve no more than minimal contact with co-workers, supervisors and the general public." Hearing Transcript at 15, Matta v. Astrue, No. 10-05338 (E.D.N.Y. Aug. 29, 2011), ECF No. 16 ("Tr.").

Plaintiff contends that the RFC finding is not supported by any of the medical sources in the record. The ALJ expressly referenced the expert opinions of four medical sources: Kenneth Cochrane, Ph.D., and Drs. Juan Castro, Maria Isabel Zapata, and Julio Riascos.

Dr. Cochrane provided a "medical source statement" in April 2007, after performing a "consultative examination." Tr. at 215, 217. Dr. Cochrane found that

3

plaintiff's attention and concentration were "intact"; that his intellectual functioning was "average," allowing him to perform simple tasks independently; and that plaintiff was able to relate to others "adequately." Tr. at 215. Dr. Cochrane recognized, however, that plaintiff's condition fluctuated and that there could be times when he has difficulty maintaining concentration and sustaining social relationships. He also found that plaintiff was unable to deal with stress appropriately. Dr. Cochrane concluded that plaintiff's psychiatric condition may "significantly interfere with[his] ability to function on a daily basis." Tr. at 216.

Drs. Castro and Zapata, who served as plaintiff's treating psychiatrists beginning in June or July 2006, completed and signed a medical questionnaire dated June 13, 2007, for the New York State Office of Temporary and Disability Assistance. On the questionnaire, Drs. Castro and Zapata advised that in the year prior to June 2007, plaintiff had been stable and compliant with treatment, which included weekly group therapy and monthly psychiatric appointments. They reported that Matta had normal attention and concentration, logical thought processes, and no limitation in social interaction during that time.

Dr. Riascos, who became plaintiff's treating psychiatrist in July 2008, reported in an October 2008 mental questionnaire that plaintiff had "marked difficul[ties]" in maintaining social functioning; often experienced deficiencies in concentration, persistence, and pace resulting in a failure to complete tasks in a timely manner; and had marked difficulty making and getting along with friends and holding a job. Dr. Riascos also reported that plaintiff would be absent from

4

work "more than three times a month." Tr. 346. He described plaintiff's prognosis as "poor." Tr. 348.

Plaintiff asserts that the ALJ substituted his own medical judgment for these expert opinions in concluding that "substantial evidence revealed [plaintiff's] condition stabilized and at the most, he had moderate symptoms." Tr. 20. We disagree. Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole. See Richardson v. Perales, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). As the ALJ explained in his opinion, his RFC assessment took account of the opinions of all of these experts and the notes of other treatment providers, including providers at Elmhurst Hospital, where plaintiff received outpatient care in 2007 and 2008.

Plaintiff argues also that the ALJ's decision is inconsistent with 20 C.F.R. § 416.945(b) and (c), which provide that a claimant's RFC must reflect his ability to perform work on a "regular and continuing basis." Plaintiff argues that in determining that he was able to work, the ALJ ignored the episodic nature of bipolar disorder and cherry-picked evidence of plaintiff's "good days" without regard to the plaintiff's severely fluctuating symptoms. Appellant's Br. at 39.

We recognize that a person suffering from bipolar disorder may be vulnerable to "violent mood swings" resulting in "better days and worse days," and that a claimant's stability on *some* days does not necessarily support the conclusion that

5

he is able to work *every day*. See Bauer v. Astrue, 532 F.3d 606, 609 (7th Cir. 2008). Nonetheless, substantial evidence in the record supports the ALJ's conclusion that this plaintiff, with the proper treatment, could perform work on a regular and continuing basis.

To be sure, plaintiff's condition during the period from January 2007 to January 2009 was not always stable. Plaintiff self-reported manic thoughts in July 2007, and in October 2007, after he stopped taking his medication in preparation for a computer exam plaintiff was twice hospitalized as a consequence of manic symptoms. The ALJ observed, however, that plaintiff's condition deteriorated only after he stopped taking his medication, and that his condition quickly improved with treatment. Furthermore, the ALJ pointed to numerous treatment notes made by providers at Elmhurst Hospital during the two-year period from 2007 until 2009. The treatment notes support the ALJ's conclusion that plaintiff was stable and responded well to treatment. There is substantial record evidence to support the ALJ's determination.

Plaintiff also argues that the ALJ gave insufficient weight to the opinion of Dr. Riascos, plaintiff's treating psychiatrist from August through October 2008. "[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527 (d)(2)). But the opinion of a treating physician need not be given controlling weight when it is "not consistent

6

with other substantial evidence in the record, such as the opinions of other medical experts." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam).

For the reasons explained by the district court, we conclude that the ALJ did not commit reversible error by discounting Dr. Riascos's opinion. See Matta v. Astrue, No. 10-cv-5338, 2011 WL 4975841, at *2 (E.D.N.Y. Oct. 19, 2011). As explained above, "Riascos's assessment covers only one period of Matta's extended illness, and . . . [the] other psychiatric specialists [who] worked closely with Matta during his frequent visits to Elmhurst Hospital" reported that plaintiff "responded to medication and group therapy." Id. The ALJ provided sufficient reasons for departing from Dr. Riascos's opinion, see Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998), and his decision is supported by substantial evidence.

We have considered plaintiff's remaining arguments and find them to be unpersuasive. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7