*Tricarico v. Colvin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand seventeen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>RALPH K. WINTER,
>>*Circuit Judge,*
>SIDNEY H. STEIN,[*]
>>*District Judge*.

---

JOSEPH TRICARICO,

>*Plaintiff-Appellant*,

>v.                                               No. 15-3786

CAROLYN W. COLVIN, ACTING COMMISIONER
OF SOCIAL SECURITY

>*Defendant-Appellee*.

---

For Plaintiff-Appellant Joseph Tricarico:      CHRISTOPHER JAMES BOWES, Law Office of Christopher Bowes, Shoreham, NY, *of counsel*

---

[*] Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

*to* Harry J. Binder and Charles E. Binder, P.C., New York, NY.

For Defendant-Appellee Carolyn W. Colvin:   ROBERT R. SCHRIVER, Special Assistant U.S. Attorney (Varuni Nelson and Arthur Swerdloff, Assistant U.S. Attorneys, *on the brief*), *for* Robert L. Capers, U.S. Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joseph Tricarico appeals from the order and judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*) entered on September 28, 2015, denying Tricarico's motion for judgment on the pleadings and granting Defendant-Appellee Carolyn W. Colvin's cross-motion for judgment on the pleadings. *See Tricarico v. Colvin*, No. 14-CV-2415 (RRM), 2015 WL 5719696 (E.D.N.Y. Sept. 28, 2015). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Tricarico, a former police officer on disability retirement, applied for and was denied Social Security Disability Insurance benefits by Administrative Law Judge James Kearns. After the Social Security Administration Appeals Council denied review of his appeal, he challenged the determination in district court. We review a district court's judgment on the pleadings in a social security action "*de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commission applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When reviewing a benefits determination by the Commissioner, our focus "is not so much on the district court's ruling as it is on the

2

administrative ruling," *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) (citation and quotation marks omitted), and "we do not substitute our judgment for the agency's, or determine de novo whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citation and internal quotation marks omitted) (alteration in original). Instead, reviewing the ALJ's factfinding for substantial evidence, "we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation marks omitted). In deciding whether substantial evidence exists, we defer to the Commissioner's resolution of conflicting evidence. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

On appeal, Tricarico raises three issues. First, he argues that the ALJ erred by failing to assign the appropriate weight to the opinion of his treating physician, whose opinion Tricarico argues was "well-supported" and should have been accorded controlling weight. Second, he asserts that the ALJ improperly rejected Tricarico's subjective complaints of pain and did not treat as credible Tricarico's claims concerning his physical limitations. Third, Tricarico argues that the evidence submitted to the Appeals Council — namely two reports from another physician — was new and material and should have been considered by the Council in reviewing the ALJ's decision.

## A. Denial of Controlling Weight to Treating Physician's Assessment

As to the first issue, Tricarico contends that the ALJ wrongly declined to afford controlling weight to the assessment of his treating physician, Dr. Wilen. Despite Tricarico's urging, the ALJ need not grant the treating physician's assessment controlling weight where the opinion is inconsistent with other evidence in the record, including the opinions of other medical experts. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam). Here, the ALJ's decision to afford limited weight to Dr. Wilen's assessment is supported by substantial evidence.

3

First, the ALJ observed that Dr. Wilen's assessment contained internal inconsistencies, such as the fact that the extreme limitations Dr. Wilen identified were not consistent with the relatively conservative treatment plan he had prescribed, which consisted of only pain relief medication and physical therapy, the latter of which was later discontinued. The ALJ also noted that Tricarico was seen by Dr. Wilen only every one to three months for pain medication and that Tricarico had declined surgical care recommended by multiple providers. Second, Dr. Wilen's assessment also contradicted both Tricarico's testimony and the assessment of Dr. Aurelio Salon, who provided a consultative examination at the behest of the Division of Disability Determination. Dr. Salon identified that Tricarico "can clean, go shopping, do child care, shower, bathe, and dress by himself." AR 293. Dr. Salon's assessment further observed that Tricarico had a "normal" gait, could "walk on heels and toes without difficulty," could "[s]quat full," "[u]sed no assistive devices," "[n]eeded no help changing" for the examination or getting on and off the examination table, and was "[a]ble to rise from the chair without difficulty." AR 293. Based on Tricarico's medical history and his evaluation, Dr. Salon found nothing to support the fact that the claimant would be restricted in his ability to sit or stand, or in his capacity to climb, push, pull, or carry heavy objects." AR 295. The ALJ assigned Dr. Salon's opinion "great weight" because it was "consistent with the examiner[']s findings" and Tricarico's "ongoing conservative care." AR 27.

This Circuit has held that a Commissioner's determination of liability is subject to remand where the ALJ fails "to provide 'good reasons' for the weight she gives to the treating source's opinion." *See Halloran*, 362 F.3d at 32–33; *see also* 20 C.F.R. § 404.1527(c)(2). Although a treating physician's assessment is typically given more weight than other examiners' assessments, internal inconsistencies, and the conflicting opinions of other examining physicians,

4

where supported by evidence in the record, can constitute substantial evidence to support not according the treating physician's opinion controlling weight, as well as good reasons to attribute only limited weight to that opinion. *See Diaz v. Shalala*, 59 F.3d 307, 314–15 (2d Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Moreover, the ALJ's conclusion need not perfectly correspond to any one medical assessment as long as it is supported by the record as a whole, *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order), which the ALJ's decision here is. Substantial evidence thus supports the ALJ's decision not to afford controlling weight to Dr. Wilen's assessment.

### B. Assessment of Tricarico's Credibility

Second, Tricarico argues that the ALJ improperly evaluated Tricarico's credibility as to his subjective complaints of pain, symptoms, and limitations resulting from his condition. As to a complainant's credibility, the ALJ's task is to consider the extent to which his self-reported symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (quoting 20 C.F.R. § 404.1529(a)) (internal quotation marks omitted). As a factfinder, however, the "ALJ is free to accept or reject testimony" of a witness, provided that when a witness is found not to be credible, the ALJ provides findings with "sufficient specificity to permit intelligible plenary review of the record." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988).

Tricarico concedes that the ALJ did credit many of his complaints, including his pain and limited movement in his right shoulder, neck, lower back, and right knee; tingling in his legs; and pain upon lifting his 21-pound daughter. However, the ALJ also identified aspects of Tricarico's testimony that were not consistent with a finding of complete disability. For example, the ALJ noted that Tricarico had "not sought surgical care though his multiple providers have

5

encouraged him to have a right shoulder arthroscopy." AR 28. The ALJ observed, moreover, that "[w]hile the claimant testified to have ongoing pain complaints, he appears to have relatively busy activities of daily living. He takes care of his three young children while his wife is at work, including his one-year-old." AR 28. As a result, the ALJ limited Tricarico to "sedentary exertional work," with additional limitations that he have "a sit and stand at will work option," AR 28, and that he avoid extreme temperatures due to ongoing pain. The ALJ also limited him to simple and repetitive work based on Tricarico's testimony that he had medication side-effects that included diminished concentration. In short, given conflicting evidence in the record and in Tricarico's own account of his limitations, the ALJ appropriately assessed Tricarico's credibility.

## C. Evidence Submitted After the ALJ's Decision

Last, Tricarico contends that the Appeals Council should have considered two additional medical reports submitted by Dr. Joseph DeFeo that were excluded as not relevant to his condition during the period at issue. The Appeals Council shall consider evidence submitted after the ALJ's decision if the petitioner can show "good cause" for not submitting the evidence to the ALJ and that the additional evidence is "new, material, and relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5), (b). Even if the Appeals Council erred by rejecting additional evidence, remand is only appropriate where there is a "reasonable possibility" that this evidence would have influenced the ALJ to decide the disability determination differently. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991) (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)).

Dr. DeFeo's physical exam took place in July 2013 — nearly eight months after the ALJ's decision — and so the only argument that his assessments were relevant to Tricarico's condition when his benefits were denied is that Dr. DeFeo examined Tricarico's MRI and EMG reports dating back as far as 2007. His assessment as to Tricarico's earlier condition is therefore

6

cumulative of other doctors who reviewed these same reports prior to the ALJ's decision. Moreover, Dr. DeFeo's assessment actually contradicted Dr. Wilen's by suggesting Tricarico's impairments were less restrictive than what Dr. Wilen had determined. As a result, there is not a reasonable possibility that Dr. DeFeo's assessments would have altered the ALJ's decision.

We have considered all of appellant's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
