ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Represented by counsel, Plaintiff Shelly Joanne Williams ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 10), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, Plaintiff's motion (Dkt. 6) is granted in part, the Commissioner's motion (Dkt. 10) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.
BACKGROUND
Plaintiff protectively filed her application for SSI on May 1, 2014. (Dkt. 5 at 24, 159).[1] In her application, Plaintiff alleged disability beginning April 26, 2012, due to vertigo, headaches, depression, and fibromyalgia. (Id. at 24, 160-61). Plaintiff's application was initially denied on June 25, 2014. (Id. at 24, 166-77). A video hearing was held before administrative law judge ("ALJ") Gregory M. Hamel on August 8, 2016. (Id. at 24, 40-68). Plaintiff appeared in West Seneca, New York, and the ALJ presided over the hearing from Alexandria, Virginia. (Id. ). On September 9, 2016, the ALJ issued an unfavorable decision. (Id. at 21-36). Plaintiff requested Appeals Council review; her request was denied on November 3, 2017, making the ALJ's determination the Commissioner's final decision. (Id. at 4-7). This action followed.
*414 LEGAL STANDARD
I. District Court Review
"In reviewing a final decision of the [Social Security Administration ("SSA") ], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue , 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); see also 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue , 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." Schaal v. Apfel , 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); see also Wagner v. Sec'y of Health & Human Servs. , 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart , 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler , 748 F.2d 109, 112 (2d Cir. 1984) ).
II. Disability Determination
An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. See Parker v. City of New York , 476 U.S. 467, 470-71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. Id. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.
At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). Id. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (id. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. See id. § 416.920(e).
The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. Id. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which *415 exists in the national economy" in light of the claimant's age, education, and work experience. Rosa v. Callahan , 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).
DISCUSSION
I. The ALJ's Decision
In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since May 1, 2014, the application date. (Dkt. 5 at 26).
At step two, the ALJ found that Plaintiff suffered from the severe impairments of fibromyalgia with headaches and labyrinthitis, and right shoulder tear post-surgical repair. (Id. at 27). The ALJ further found that Plaintiff's mild respiratory complaints and depression were non-severe. (Id. at 28-30). With respect to Plaintiff's representations that she suffered from right knee pain and left ankle pain, the ALJ concluded that these were not medically determinable impairments. (Id. at 28-29).
At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (Id. at 30). The ALJ particularly considered the criteria of Listings 2.07, 11.03, and 1.02B in reaching his conclusion. (Id. at 30-31).
Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b), with the additional limitations that Plaintiff:
cannot work in hazardous environments, such as around heights or dangerous machinery; can do frequent but not constant reaching, handling, or fingering with right dominant upper extremity; can accomplish only routine and repetitive tasks, that would no[t] change much from day to day and would not require [Plaintiff] to remember or carry out complex or complicated types of activities; and can tolerate no more than occasional contact with the public either in person or over the phone.
(Id. at 32). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Id. at 34).
At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age. education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of price marker, cafeteria attendant, printed circuit board screener, and toy stuffer. (Id. at 35). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (Id. at 36).
II. Remand of this Matter for Further Proceedings is Necessary
Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that (1) the ALJ erred by assessing Plaintiff's RFC without any opinion evidence, and (2) the ALJ did not properly evaluate Plaintiff's credibility. (Dkt. 6-1 at 1). For the reasons set forth below, the Court finds that the ALJ erred in failing to obtain any opinion evidence from an acceptable medical source, and decided the RFC based on his own interpretation of the medical record. This error necessitates remand for further administrative proceedings.
A. The RFC Finding is Unsupported by Substantial Evidence
In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the *416 evidence available to make an RFC finding that [is] consistent with the record as a whole." Matta v. Astrue , 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." Id. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." Ortiz v. Colvin , 298 F.Supp.3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:
An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion.... This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.
Quinto v. Berryhill , No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12, 2017 U.S. Dist. LEXIS 20030, at *36-37 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." Dennis v. Colvin , 195 F.Supp.3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).
Plaintiff contends that the ALJ assessed her RFC in the absence of any opinion evidence. Other than the evaluation by the state agency psychological consultant, M. Totin, there is no opinion evidence in the record. (See Dkt. 5 at 34). The Court notes that M. Totin opined that while Plaintiff had medically determinable impairments, the claim should be denied for "insufficient evidence." (Id. at 162-63). Due to the lack of evidence, M. Totin did not offer an opinion as to any of Plaintiff's functional limitations. (Id. at 164). In the written determination, the ALJ noted that "as for opinion evidence, findings of fact made by state agency medical professionals regarding the nature and severity of an individual's impairments are granted probative weight as expert opinion evidence by a non-examining source." (Id. at 34).
While it is correct that "[a]n ALJ may rely on a non-examining state agency consultant's opinion when it is supported by other record evidence," see Kelley S. v. Comm'r of Soc. Sec. , No. 5:17-CV-1234 (ATB), 2019 WL 529909, at *7, 2019 U.S. Dist. LEXIS 21557, at *20 (N.D.N.Y. Feb. 11, 2019), M. Totin was not able to provide an assessment of Plaintiff's functional capabilities due to a lack of evidence. (See Dkt. 5 at 163 (M. Totin concluded: "[t]here is insufficient evidence to substantiate the presence of a disorder"; "[i]n conclusion, this claim is denied for insufficient evidence"; and "[t]here is insufficient evidence to evaluate the claim.") ). Accordingly, it is unclear to the Court how the opinion of M. Totin informed the assessed RFC, as the evaluation did not result in an assessment of Plaintiff's functional limitations.
Defendant argues that the ALJ was not required to assess Plaintiff's RFC using medical opinion evidence. (Dkt. 10-1 at 20). In support of this argument, Plaintiff cites to Monroe v. Colvin , 676 F. App'x 5 (2d Cir. 2017) and Matta v. Astrue , 508 F. App'x 53 (2d Cir. 2013). (See Dkt. 12-1 at 23). These cases are inapposite. In Monroe , the ALJ rejected the treating physician's medical assessment, but relied on the physician's treatment notes in formulating the RFC. Monroe , 676 F. App'x 6-7. The Second Circuit held that this was proper "[b]ecause the ALJ reached her RFC determination based on Dr. Wolkoff's contemporaneous treatment notes-while at the same time rejecting his post hoc medical opinion ostensibly based on observations *417 memorialized in those notes-that determination was adequately supported by more than a mere scintilla of evidence." Id. at 8-9. Similarly, in Matta , the Court found that the ALJ's RFC assessment was not defective even though it did not perfectly correspond with any of the medical source opinions in the record. Matta , 508 F. App'x at 56. In both cases, the record contained some assessment of the plaintiff's functional limitations. Here, the record is devoid of any such assessment.
This case does not present the situation contemplated by Monroe , where the ALJ rejected the physician's medical assessment, but relied on the underlying treatment notes, which provided contemporaneous medical assessments relevant to the plaintiff's ability to perform sustained gainful activity. Here, the ALJ did not merely disagree with a medical assessment; rather, no acceptable medical source provided an opinion regarding Plaintiff's RFC, and there are no underlying documents supporting any such evaluation. See Pellam v. Astrue , 508 F. App'x 87, 90 n.2 (2d Cir. 2013) ("we need not decide whether a record would be rendered incomplete by the failure to request a medical source opinion from a treating physician if the ALJ made his residual functional capacity determination without the support of any expert medical source opinion concerning the claimant's limitations.").
The Court agrees with Plaintiff that the ALJ in this case erred in assessing Plaintiff's RFC in the absence of any medical opinion. "While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.' " Muhammad v. Colvin , No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4, 2017 U.S. Dist. LEXIS 177763, at *10 (W.D.N.Y. Oct. 26, 2017) (citation omitted). In other words, "the ALJ may not interpret raw medical data in functional terms." Quinto , 2017 WL 6017931, at *12, 2017 U.S. Dist. LEXIS 200302, at *37 (quoting Deskin v. Comm'r of Soc. Sec. , 605 F.Supp.2d 908, 911-13 (N.D. Ohio 2008) ). Accordingly, the issue is whether the record is clear, and contains some useful assessment of the claimant's limitations from a medical source sufficient to support the RFC finding. Muhammad , 2017 WL 4837583, at *4, 2017 U.S. Dist. LEXIS 177763, at *10.
There is some evidence in the record that is arguably relevant to Plaintiff's functional limitations. For example, an April 2012 treatment note from Ellis Gomez, M.D., Plaintiff's primary care physician, noted that Plaintiff "cannot lift, pull, push or carry. She cannot lift her arm above her head." (Id. at 311). Further, in May 2013, a physical examination by Dr. Gomez revealed that Plaintiff was unable to lift her right arm above shoulder level. (Id. at 318). The ALJ did not address these statements in the written determination. This evidence is favorable to Plaintiff and contrary to the assessed RFC, which requires Plaintiff to perform frequent reaching, handling, or fingering with her right dominant upper extremity. In other words, the record does not contain information relevant to Plaintiff's functional limitations sufficient to support the RFC finding.
Defendant contends that "[d]epending on the circumstances, such as where the evidence shows relatively minor impairments," an ALJ may assess the RFC without a medical assessment. (Dkt. 10-1 at 22). Defendant does not identify any specific evidence evincing that Plaintiff's severe impairments were "minor." The Court is cognizant that "when the medical evidence shows only minor physical *418 impairments," an ALJ may assess the RFC using "common sense judgment about functional capacity even without a physician's assessment." Jaeger-Feathers v. Berryhill , No. 1:17-CV-06350(JJM), 2019 WL 666949, at *4, 2019 U.S. Dist. LEXIS 26149, at *11 (W.D.N.Y. Feb. 19, 2019) (quotations and citations omitted). This is not one of those cases. The ALJ identified multiple severe impairments, including fibromyalgia with headaches and labyrinthitis and right shoulder tear post-surgical repair, and assessed an RFC with both physical and mental components. (Dkt. 5 at 27, 32-34). The record demonstrates that Plaintiff's shoulder pain was ongoing. Plaintiff underwent surgery - a right shoulder rotator cuff repair - in 2007 to address her shoulder pain. (Id. at 28). Thereafter, an x-ray taken on May 19, 2016, revealed "[p]ostsurgical changes of rotator cuff repair." (Id. at 407). Specifically, the x-ray showed that Plaintiff's "AC joint [was] slightly widened," which "may represent ligamentous injury." (Id. ). The ALJ also found that the evidence supporting Plaintiff's diagnosis of fibromyalgia - which under the regulations must meet certain requirements to qualify as a medically determinable impairment - was favorable enough to qualify as a severe impairment. (Id. at 27-28). The record reveals that Plaintiff was diagnosed with fibromyalgia in October 2011. (Id. at 307). In other words, Plaintiff's severe impairments were ongoing problems for which she received significant treatment, and a medical opinion relating to Plaintiff's functional limitations is required. See Zayas v. Colvin , No. 15-CV-6312-FPG, 2016 WL 1761959, at *4, 2016 U.S. Dist. LEXIS 58134, at *12 (W.D.N.Y. May 2, 2016) (concluding that a medical opinion assessing the plaintiff's functional impairments was required where the plaintiff "had several complicated and longstanding impairments.").
Defendant further contends that "[i]f Plaintiff wished to obtain and submit an opinion from a treating or examining source to support her claim that her medical impairments prevented her from working, she could have done so - but she did not." (Dkt. 10-1 at 21). However, Plaintiff is not solely responsible for developing the record. It is well-established that an ALJ "has an affirmative obligation to develop the administrative record." Perez v. Chater , 77 F.3d 41, 47 (2d Cir. 1996) ; see also Calero v. Colvin , No. 16 Civ. 6582 (PAE), 2017 WL 4311034, at *9, 2017 U.S. Dist. LEXIS 157262, at *26 (S.D.N.Y. Sept. 26, 2017) (an ALJ has an independent duty to develop the record). Here, the lack of opinion evidence creates an obvious gap in the record, and "[i]t is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (quotation omitted). See Falcon v. Apfel , 88 F.Supp.2d 87, 91 (W.D.N.Y. 2000). The ALJ was required to exercise his independent duty to develop the record and, at a minimum, secure a consulting physician to examine Plaintiff and render an opinion as to her functional limitations.
In sum, the ALJ concluded that Plaintiff had multiple severe impairments, including fibromyalgia with headaches and labyrinthitis, and right shoulder tear post-surgical repair. (Id. at 27). Despite these impairments, the ALJ assessed an RFC without the benefit of any opinion evidence as to Plaintiff's functional limitations. This was error. On remand, the ALJ should work to further develop the record to obtain medical opinion evidence addressing Plaintiff's functional limitations.
B. Plaintiff's Remaining Argument
As set forth above, Plaintiff has identified an additional reason why she contends *419 the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. See, e.g., Bell v. Colvin , No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10, 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); Morales v. Colvin , No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23, 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), adopted , 2015 WL 2137776, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).
CONCLUSION
For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 10) is denied. The Clerk of Court is directed to enter judgment and close this case.
SO ORDERED.

When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.