11-52-cv
Parker-Grose v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

Present:
        JON O. NEWMAN,
        RALPH K. WINTER,
        ROBERT A. KATZMANN,
                        *Circuit Judges.*

_____

MARY JANE PARKER-GROSE,

        *Plaintiff-Appellant*,

                v.                                        No.  11-52-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          SARAH H. BOHR, Bohr & Harrington, LLC, Atlantic
                                  Beach, Fla. (Judith Brownlow, Brownlow Law PLLC,
                                  Brattleboro, Vt. *on the brief*)

For Defendant-Appellee:           SUSAN BELLER DONAHUE, Special Assistant United
                                  States Attorney (Carol L. Shea, Chief, Civil Division,
                                  *on the brief*), *for* Tristram J. Coffin, United States
                                  Attorney for the District of Vermont, Burlington Vt.

Appeal from the United States District Court for the District of Vermont (Conroy, *M.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Mary Jane Parker-Grose appeals from a judgment of the United States District Court for the District of Vermont (Conroy, *M.J.*) entered on November 16, 2010, affirming the March 4, 2009 decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Social Security Disability benefits. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], 'our focus is not so much on the district court's ruling as it is on the administrative ruling.'" *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998)). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "[w]e set aside" an Administrative Law Judge's ("ALJ") "decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa*, 168 F.3d at 77 (alterations in original) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). Parker-Grose's case must be remanded for further administrative proceedings, because the ALJ's finding that Parker-Grose's "medically determinable mental impairment of depression . . . [is]

2

nonsevere," Admin. R. 13, is not supported by substantial evidence and the Commissioner failed to account for any functional limitations associated with Parker-Grose's depression when determining her residual functional capacity ("RFC").

To be "disabled" within the meaning of the Social Security Act, a claimant must have an impairment or combination of impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c). An impairment is severe if it "significantly limits the claimant's ability to do basic work activities." 20 C.F.R. § 404.1520(c).[1] The "severity regulation," however, "is valid only if applied to screen out *de minimis* claims." *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995).

The ALJ's finding that Parker-Grose's depression is nonsevere is not supported by substantial evidence since the evidence on which it is based is inconsistent with evidence that Parker-Grose's depression significantly impaired her ability to do basic work activities. For instance, the 2003 and 2006 reviews of Parker-Grose's files by psychologist Joseph M. Patalano, Ph.D both indicate that Parker-Grose was experiencing depression. Similarly, the 2006 Vermont Disability Determination Services Assessment completed by psychologist Richard Root II, Ed.D diagnosed Parker-Grose with a Global Assessment of Function ("GAF") of 60. Two years later, Dr. Root noted that Parker-Grose's GAF had declined to fifty-five. Both of these GAF scores are within the range assigned to patients who are experiencing "moderate symptoms" including "moderate difficulty in school, work, [and] social functioning." Admin. R. 455. Finally, the ALJ's reliance on Parker-Grose's failure to "pursue[] mental health treatment as recommended" is misplaced. In addition to seeing Cecil C. Beehler, M.D., who prescribed her various antidepressant medications, Parker-Grose met with a therapist for at least some period of time.

---

[1]"Basic work activities" is defined to "mean the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).

3

The Commissioner argues that even if it erred in adopting the ALJ's finding that Parker-Grose's mental impairment was nonsevere, any error was harmless since the ALJ completed the remaining three steps of the disability analysis. This argument, however, is unavailing. Having found that any functional limitations associated with Parker-Grose's mental impairment were mild and only minimally affected her capacity to work, the ALJ did not take these restrictions into account when determining her residual functional capacity. Accordingly, in this case, the error made by the ALJ at step two was not harmless.

Furthermore, even if this Court concluded that substantial evidence supports the ALJ's finding that Parker-Grose's mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account Parker-Grose's mental limitations when determining her RFC. A RFC determination must account for limitations imposed by both severe and nonsevere impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe[]" . . . when we assess your [RFC] . . . ."); 20 C.F.R. § 416.945(a)(2) (same, but with respect to Supplemental Security Income as opposed to Social Security Disability Insurance). In this case, after finding that Parker-Grose's "mental impairment of depression does not cause more than minimal limitation in . . . [her] ability to perform basic mental work activities and is therefore nonsevere," Admin. R. 13, the ALJ determined Parker-Grose's RFC without accounting for any of the limitations arising from her mental impairment that were established by substantial evidence in the record. Thus, the ALJ committed legal error.

Because the ALJ's finding that Parker-Grose's mental impairment is nonsevere is not supported by substantial evidence and the ALJ failed to account for any functional limitations arising from Parker-Grose's depression when determining her RFC, we **REVERSE** the judgment of the district court and **REMAND** the case to the district court with instructions to **VACATE** the March 4, 2009 decision of the Commissioner and **REMAND** the case for further administrative proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK