ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Represented by counsel, Plaintiff India Benman ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 10; Dkt. 13), and Plaintiff's reply (Dkt. 14). For the reasons discussed below, Plaintiff's motion (Dkt. 10) is granted in part, and the Commissioner's motion (Dkt. 13) is denied.
BACKGROUND
Plaintiff protectively filed her applications for DIB and SSI on February 19, 2014. (Dkt. 8-3 at 34-3 5).[2] In her applications, Plaintiff alleged disability beginning February 28, 2012, due to: diabetes ; neuropathy in her feet; anxiety; depression; paranoia; borderline personality disorder ; and high blood pressure. (Dkt. 8-6 at 6). Plaintiff's applications were initially denied on June 3, 2014. (Dkt. 8-4 at 4-15). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bruce S. Fein in Rochester, New York, on July 6, 2016. (Dkt. 8-2 at 40-74). Plaintiff appeared with her attorney and testified. (Id. ). On August 25, 2016, the ALJ issued an unfavorable decision. (Id. at 19-33). Plaintiff requested Appeals Council review; her request was denied on February 17, 2017, making the ALJ's determination the Commissioner's final decision. (Id. at 2-5). This action followed.
LEGAL STANDARD
I. District Court Review
"In reviewing a final decision of the [Social Security Administration ("SSA") ], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue , 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); see also 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moran v. Astrue , 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine de novo *255 whether [the claimant] is disabled." Schaal v. Apfel , 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); see also Wagner v. Sec'y of Health & Human Servs. , 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart , 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler , 748 F.2d 109, 112 (2d Cir. 1984) ).
II. Disability Determination
An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. See Bowen v. City of New York , 476 U.S. 467, 470-71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. Id. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.
At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). Id. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (id. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. See id. §§ 404.1520(e), 416.920(e).
The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. Id. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. Rosa v. Callahan , 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); see also 20 C.F.R. § 404.1560(c).
DISCUSSION
I. The ALJ's Decision
In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on June 30, 2014. (Dkt. 8-2 at 24). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since February 28, 2012, the alleged onset date. (Id. ).
*256 At step two, the ALJ found that Plaintiff suffered from the severe impairments of diabetes, chronic kidney disease, gastroparesis, depressive disorder, anxiety disorder, posttraumatic stress disorder, and borderline personality disorder. (Id. at 24-25). The ALJ further found that Plaintiff's medically determinable impairments of cannabis use, alcohol use, hypertension, left foot pain, and lower back pain were non-severe. (Id. at 25-26).
At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (Id. at 26). The ALJ particularly considered the criteria of Listings 6.03, 9.00, 1.00, 2.00, 4.00-6.00, 8.00, 11.00, 12.00, 12.04, 12.06, and 12.08 in reaching his conclusion. (Id. at 26-27).
Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), which involves:
lifting and/or carrying 20 pounds occasionally and ten pounds frequently, standing and/or walking for six hours in an eight-hour workday, and sitting for six hours in an eight-hour workday. [Plaintiff] can occasionally stoop, kneel, crouch, crawl, and balance, but should avoid climbing ropes, ladders, and scaffolds. Mentally, [Plaintiff] retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact with others to the extent necessary to carry out simple tasks; and handle simple work-related stress.
(Id. at 27). At step four, the ALJ found that Plaintiff had no past relevant work. (Id. at 31).
At step five, the ALJ considered the Medical-Vocational Guidelines to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Id. at 31-32). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (Id. at 32-33).
II. Remand of this Matter for Further Proceedings is Necessary
Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the ALJ's assessment of Plaintiff's physical RFC did not rely on any medical opinion evidence, and he therefore substituted his own judgment for a competent medical opinion; (2) the ALJ failed to account for Plaintiff's stress-related limitations in assessing her mental RFC; (3) the ALJ's step five finding was not supported by substantial evidence, because he failed to consult a vocational expert; (4) the ALJ failed to consider the impact of Plaintiff's chronic hospitalizations on her ability to work; and (5) the ALJ improperly held Plaintiff's noncompliance with treatment against her, without considering the reasons for her noncompliance. (Dkt. 10-1 at 18-24). For the reasons set forth below, the Court finds that the ALJ erred in failing to obtain any opinion evidence from an acceptable medical source, and decided the physical portion of Plaintiff's RFC based on his own interpretation of the medical record. This error necessitates remand for further administrative proceedings.
A. The RFC Finding is Unsupported by Substantial Evidence
In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding *257 that [is] consistent with the record as a whole." Matta v. Astrue , 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." Id. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." Ortiz v. Colvin , 298 F.Supp.3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:
An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion.... This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.
Quinto v. Berryhill , No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12, 2017 U.S. Dist. LEXIS 200302, at *36-37 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." Dennis v. Colvin , 195 F.Supp.3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).
In this case, the only opinion evidence considered by the ALJ in assessing Plaintiff's physical RFC was a May 2014 consultative exam by Harbinder Toor, M.D. (Dkt. 8-2 at 28; see also Dkt. 8-7 at 218-21). Dr. Toor's report notes that he observed the following: Plaintiff was in moderate pain; she had an abnormal gait with slight limping to her left side; her heel-to-toe walking declined; her squatting was 20 percent full; her station was normal; she did not need help changing for her exam; she had difficulty getting off and on the examination table; and she had difficulty getting out of the chair. (Dkt. 8-7 at 219). Plaintiff reported that her participation in the activities of cooking, cleaning, and laundry varies; that she does not do any shopping; and that she showers, bathes, cares for her child, and dresses daily. (Id. ).
Dr. Toor's musculoskeletal exam revealed full flexion, extension, and rotary movement of the cervical spine, but limited flexion, extension, and lateral flexion of the lumbar spine. (Id. at 220). Plaintiff's straight leg raise tests were positive both sitting supine and bilaterally. (Id. ). Plaintiff had a full range of motion in her shoulders, elbows, forearms, wrists, hips, and knees. (Id. ). Her left ankle plantar flexion and dorsiflexion were limited, but she had a full range of motion in her right ankle. (Id. ). Plaintiff's joints were stable and non-tender. (Id. ). A neurologic exam revealed tingling and numbness in both of Plaintiff's feet, and 5/5 strength in her upper and lower extremities. (Id. ). Similarly, an examination of Plaintiff's extremities revealed tenderness in her feet. (Id. ). Based on all of this information, Dr. Toor opined that Plaintiff had "moderate to severe" limitations in standing, walking, bending, lifting, or squatting. (Id. ). He further opined that Plaintiff had moderate limitations sitting for a long time, and that her pain interfered with her physical routine and balance. (Id. at 221).
The ALJ allocated "some weight" to the postural and lifting limitations identified by Dr. Toor "based on his programmatic expertise." (Dkt. 8-2 at 28). However, the ALJ rejected the remainder of Dr. Toor's assessment, because it was inconsistent with other evidence in the record. (Id. ). Specifically, the ALJ found that Dr. Toor's opinion was based in part on the claimant's lower back disorder, left foot pain, and hypertension, which the ALJ determined were not "severe" impairments. (Id. ). The *258 ALJ also found that Plaintiff was "not fully compliant with taking her medications for her diabetes, her abdominal pain was out of proportion to clinical findings, and she recently reported ... improvement in her blood sugar levels." (Id. ). The ALJ then assessed that Plaintiff retained the RFC to perform light work, in that she: can lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday; and occasionally stoop, kneel, crouch, crawl, and balance, but should avoid climbing ropes, ladders, and scaffolds. (Id. at 27). The assessed RFC is at odds with Dr. Toor's opinion relating to Plaintiff's physical limitations.
As an initial matter, the Court recognizes that Dr. Toor's opinion, which is based on a one-time consultative examination, is not entitled to any special weight. See Hamm v. Colvin , No. 16cv936 (DF), 2017 WL 1322203, at *17, 2017 U.S. Dist. LEXIS 54744, at *45 (S.D.N.Y. Mar. 29, 2017) ("Even where a treating physician's opinion is not entitled to controlling weight, it is generally entitled to more weight than the opinions of non-treating and non-examining sources") (internal quotations and citations omitted); see also Pagano v. Comm'r of Soc. Sec. , No. 16-CV-6537-FPG, 2017 WL 4276653, at *5, 2017 U.S. Dist. LEXIS 158656, at *12-13 (W.D.N.Y. Sept. 27, 2017) ("a consultative examiner's opinion is generally entitled to little weight, because their examinations are often brief, are generally performed without benefit or review of the claimant's medical history, and, at best, only give a glimpse of the claimant on a single day") (internal quotations and citation omitted). Nonetheless, before discounting any medical opinion, including those by consultative examiners, the ALJ must consider the following factors:
(1) the frequency of examination and length, nature, and extent of the treatment relationship,
(2) the evidence in support of the physician's opinion,
(3) the consistency of the opinion with the record as a whole,
(4) whether the opinion is from a specialist, and
(5) whatever other factors tend to support or contradict the opinion.
See Crawford v. Astrue , No. 13-cv-6068P, 2014 WL 4829544, at *16, 2014 U.S. Dist. LEXIS 138219, at *45 (W.D.N.Y. Sept. 29, 2014) ; see also Spielberg v. Barnhart , 367 F.Supp.2d 276, 281 (E.D.N.Y. 2005).
The ALJ purportedly rejected Dr. Toor's opinions because they were "inconsistent with the evidence in record." (Dkt. 8-2 at 28). The ALJ's first reason for rejecting Dr. Toor's opinion - that Plaintiff's lower back pain, left foot pain, and hypertension were not severe - is self-serving and does not address any of the factors enumerated above. Moreover, it is well-established that an ALJ is required to consider functional limitations that arise from non-severe impairments. See Parker-Grose v. Astrue , 462 F. App'x 16, 18 (2d Cir. 2012) ("A RFC determination must account for limitations imposed by both severe and nonsevere impairments."). Accordingly, the fact that Plaintiff's lower back pain, left foot pain, and hypertension were non-severe does not mean the ALJ was free to disregard Dr. Toor's opinion regarding the functional limitations associated with these impairments.
The ALJ's second reason for rejecting Dr. Toor's opinion refers to other evidence in the record relating to Plaintiff's diabetes, i.e. , that Plaintiff is not compliant in taking her diabetes medications, that her abdominal pain was out of proportion to her clinical findings, and that she recently *259 reported improvement in her blood sugar levels. (Id. ). However, the ALJ does not explain how these facts contribute to his discrediting Dr. Toor's assessed physical limitations. The ALJ's failure to adequately explain his reasoning is particularly significant in this case, where Dr. Toor's evaluation is the only medical opinion in the record as it relates to Plaintiff's physical limitations.
Moreover, and as Plaintiff correctly argues, in rejecting the remaining portions of Dr. Toor's opinion, the ALJ did not rely on any opinion evidence from an acceptable medical source, and therefore determined Plaintiff's RFC based on his own interpretation of the medical record. (Dkt. 10-1 at 18). The Commissioner argues in response that the ALJ is not required to base his RFC finding on a medical opinion that mirrors that finding and, in fact, an ALJ is not required to base his RFC on a medical opinion at all. (Dkt. 13-1 at 13). In support of this argument, the Commissioner cites to a recent, unpublished Summary Order issued by the Second Circuit Court of Appeals, Monroe v. Comm'r of Soc. Sec. , 676 F. App'x 5 (2d Cir. 2017). (Id. at 23). In Monroe , the ALJ rejected the treating physician's medical assessment, but relied on the physician's treatment notes in formulating the RFC. Monroe , 676 F. App'x at 6-7. The Second Circuit held that this was proper "[b]ecause the ALJ reached her RFC determination based on Dr. Wolkoff's contemporaneous treatment notes-while at the same time rejecting his post hoc medical opinion ostensibly based on observations memorialized in those notes-that determination was adequately supported by more than a mere scintilla of evidence." Id. at 8-9 ; see also Tankisi v. Comm'r of Soc. Sec. , 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) (where "the record contains sufficient evidence from which an ALJ can assess ... residual functional capacity," a medical source statement or formal medical opinion is not necessarily required); Pellam v. Astrue , 508 F. App'x 87, 90 (2d Cir. 2013) (summary order) (upholding the ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes).
In reply to Defendant's argument that the Second Circuit's holding in Monroe is controlling, Plaintiff argues that the line of case law allowing an ALJ to rely on solely medical evidence, in absence of a medical opinion, is limited, and that courts have distinguished Monroe where the ALJ does not discuss treatment notes with any vocational or functional relevance when assessing the RFC. (Dkt. 14 at 1-2). Defendant's brief does not address this issue, nor does it point to specific evidence with vocational or functional relevance in the record from which the ALJ could have assessed Plaintiff's physical RFC.
The Court agrees with Plaintiff that Monroe is distinguishable here. "While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.' " Muhammad v. Colvin , No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4, 2017 U.S. Dist. LEXIS 177763, at *10 (W.D.N.Y. Oct. 26, 2017) (citation omitted). In other words, "the ALJ may not interpret raw medical data in functional terms." Quinto , 2017 WL 6017931, at *12, 2017 U.S. Dist. LEXIS 200302, at *37 (quoting Deskin v. Comm'r of Soc. Sec. , 605 F.Supp.2d 908, 911-13 (N.D. Ohio 2008) ). Here, the ALJ did not rely on any treating source opinion evidence in determining Plaintiff's RFC. Accordingly, the issue is whether the record is clear, and contains some useful assessment *260 of the claimant's limitations from a medical source sufficient to support the RFC finding. Muhammad , 2017 WL 4837583, at *4, 2017 U.S. Dist. LEXIS 177763, at *10.
Having reviewed the record, the Court finds that it is neither clear nor complete and does not contain a useful assessment of Plaintiff's physical limitations. Unlike the physician in Monroe , Dr. Toor did not have a lengthy treatment history with Plaintiff. As a consultative physician, Dr. Toor examined Plaintiff on one occasion, and issued a four-page report memorializing his opinion. (See Dkt. 8-7 at 218-21). Dr. Toor does not have any treatment notes on which the ALJ could rely in formulating Plaintiff's physical RFC. In other words, aside from Dr. Toor's May 2014 report, the record does not contain medical opinion evidence with vocational or functional relevance for Plaintiff's physical limitations.
In rejecting the opinion of Dr. Toor - the only medical opinion in the record relating to Plaintiff's physical limitations - the ALJ substituted his own medical opinion for Plaintiff's physical limitations. See Rodriguez v. Colvin , No. 13cv07607 (DF), 2015 WL 1903146, at *24, 2015 U.S. Dist. LEXIS 45357, at *80 (S.D.N.Y. Mar. 31, 2015) ("An ALJ may not ... reject an examining source's conclusions based on the ALJ's own interpretation of the medical evidence, because ... an ALJ may not substitute his own opinion of the medical evidence for that of a medical professional.... [i]n determining that [the consultative doctor's] findings did not support her conclusions that Plaintiff suffered from significant limitations, the ALJ did not rely on the opinion of any medical other professional, but instead appears to have relied on his own interpretation of the evidence"). The Court recognizes that an ALJ's RFC assessment is not required to "perfectly correspond with any of the opinions of medical sources cited in his decision." See Matta , 508 F. App'x at 56. However, in this case, the RFC finding is at odds with the only medical opinion of record regarding Plaintiff's physical capabilities, and that leaves the Court at a loss as to how the ALJ assessed Plaintiff's physical limitations. The ALJ's failure to rely on sufficient evidence in assessing Plaintiff's physical limitations requires remand. See Dailey v. Comm'r of Soc. Sec. , No. 17-CV-6188P, 2018 WL 4625550, at *5, 2018 U.S. Dist. LEXIS 166670, at *15 (W.D.N.Y. Sept. 27, 2018) ("It is unclear to this Court how the ALJ arrived at this RFC. Rather, the decision suggests that the ALJ used her own lay opinion to determine [the plaintiff's] mental RFC. This was error and requires remand").
B. Plaintiff's Remaining Arguments
As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. See, e.g., Bell v. Colvin , No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10, 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); Morales v. Colvin , No. 13cv06844 (LGS) (DF), 2015 WL 2137776, at *28, 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), adopted , *261 2015 WL 2137776, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).
CONCLUSION
For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 13) is denied. The Clerk of Court is directed to enter judgment and close this case.
SO ORDERED.

When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.